UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS DUNN,

                              Plaintiff,

      -against-                                             5:11-CV-712 (LEK/ATB)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee o/b/o the
Certificate Holders of Ixis Real Estate
Capital Trust 2004-HE4 Mortgage
Pass-Through Certificates, Series
2004-HC4,

                              Defendant.
_____

<b><u>DECISION and ORDER</u></b>

**I.    INTRODUCTION**

      Plaintiff Thomas Dunn ("Plaintiff") commenced this action *pro se* on June 24, 2011, seeking to enjoin Defendant Deutsche Bank National Trust Company ("Defendant") from proceeding in its foreclosure action against Plaintiff and from evicting him from his home in Cicero, New York. Dkt. No. 1 ("Complaint"); Dkt. No. 3 ("Motion for injunctive relief"). Plaintiff also requests that the Court vacate: (1) an order of summary judgment issued by the Supreme Court of the State of New York in Onondaga County ("New York state court"); (2) the sale of Dunn's property; (3) Defendant's certificate of title; and (4) Defendant's motion for writ of possession/eviction filed in New York state court. Mot. at 6.

      The Court denied Plaintiff's request for a temporary restraining order ("TRO"), but held a hearing on June 30, 2011, as to whether a preliminary injunction should issue. Dkt. No. 9. Defendant filed a Cross-Motion to dismiss the Complaint on July 29, 2011, and a second hearing on the matter was held on September 21, 2011. Dkt. No. 10 ("Cross-Motion"); Dkt. No. 16. At the

hearing, Plaintiff announced his intent to file an additional Motion, now presently before the Court, to amend his Complaint by joining as defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America, Inc. ("Bank of America"). Dkt. Nos. 17 and 18 ("Motion to amend").[1]  For the reasons given below, Plaintiff's Motions are denied and Defendant's Cross-Motion is granted.

## II.    BACKGROUND

Plaintiff entered a mortgage transaction on May 24, 2004, whereby he promised to pay $202,500.00 to an entity named Mortgage Electronic Registration Systems, Inc., ("MERS"), acting solely as a nominee for Aegis Funding Corporation. Pl. Exs. 2-3, Dkt. Nos. 3-2 and 3-3. On August 9, 2006, Defendant filed a Summons and Complaint in New York state court, claiming that Plaintiff had defaulted on the note and seeking foreclosure and sale of the property. Pl. Ex. 1, Dkt. No. 3-1. Plaintiff filed an answer simply stating that he denied the allegations in the summons. Def. Ex. E, Dkt. No. 10-7. The state court granted a judgment of foreclosure in favor of Defendant on January 8, 2009, and Plaintiff did not appeal from the judgment. Def. Ex. F, Dkt. No. 10-8.

Plaintiff then filed for relief pursuant to Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court in the Northern District of New York ("the bankruptcy court"). Cross-Mot. at 9. The bankruptcy court granted Defendant relief from the automatic stay of proceedings in New York state court on September 23, 2009. Def. Ex G, Dkt. No. 10-9. Defendant moved for a writ of assistance against Plaintiff in state court on April 20, 2011, which is still before

---

[1] Although Plaintiff filed two separate Motions, one of which is entitled a "Motion for Joinder" and the other a "Motion to Amend/Correct Complaint," both essentially seek the same object: namely, to amend the Complaint by adding MERS and Bank of America as defendants in this action. See Dkt. Nos. 17, 18. Accordingly, the Court considers both Motions as a single Motion to amend.

the New York state court pending resolution of the present matter. Cross-Mot. at 6. Defendant also served Plaintiff with a notice to quit the premises effective June 30, 2011. Mot. at 6. Plaintiff subsequently brought the present action in federal court, alleging that MERS improperly assigned the mortgage to Defendant, that Defendant does not in fact own the mortgage note, and therefore lacked standing to bring a foreclosure action against Plaintiff in New York state court. See id. at 4-6.

### III. STANDARD OF REVIEW

#### A. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). In this Circuit, a court shall grant a motion for a preliminary injunction only where the party seeking the injunction can show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." NXIVM Corp. v. Ross Inst., 364 F.3d 471, 476 (2d Cir. 2004); see also Faiveley Transp. Malmo AB v. Wabtec Corp, 559 F.3d 110, 116 (2d Cir. 2009). "Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510-511 (2d Cir. 2005) (quotations and citations omitted).

#### B. Motion to Dismiss

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.

Aurrechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Furthermore, subject matter jurisdiction may not be established by drawing inferences from the pleadings favorable to the plaintiff. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); see also London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999) (the party invoking subject matter jurisdiction must "proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction."). Thus, the district court may refer to evidence outside the pleadings, including affidavits or other evidence submitted by the parties, in determining whether subject matter jurisdiction exists. Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002); Arndt v. UBS AG, 342 F. Supp. 2d 132, 137 (E.D.N.Y. 2004). Finally, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Additionally, the Second Circuit requires courts to be more cautious when dismissing *pro se* complaints. Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991). The Court must liberally construe *pro se* submissions, McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), and interpret them "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, a party's *pro se* status does not exempt him from "compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

**IV.   DISCUSSION**

Defendant argues that Plaintiff's Complaint warrants dismissal on the grounds of *res judicata*, collateral estoppel, lack of personal jurisdiction, and lack of subject matter jurisdiction. Def.'s Memorandum of law in support of motion to dismiss (Dkt. No. 10-1). Because the Court finds that it lacks subject matter jurisdiction over this action, it does not address the remainder of

Defendant's arguments.

### A. Motion for Injunctive Relief and Motion to Dismiss

Upon review of the record, the Court finds that Plaintiff has failed to establish that he is likely to succeed on the merits of his claims, or, at minimum, that there exist any substantial questions going to the merits of his claims. Rather, Plaintiff's claims are precluded by the Rooker-Feldman doctrine, which provides that the Supreme Court is the only federal court authorized to exercise appellate jurisdiction over state court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); see also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). In essence, the doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) ("[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.") (quoting Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir.1984)).

The Second Circuit has outlined four requirements for determining whether this doctrine applies: (1) the plaintiff now in federal court must have lost in state court; (2) the injuries of which the plaintiff complains must have been caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005)) (internal quotations omitted). Where Rooker-Feldman applies, a federal district court does not have jurisdiction over the case and it must be dismissed. See Rooker,

263 U.S. at 415-16.

This case clearly meets all four requirements necessary for the Rooker-Feldman doctrine to apply. It is not disputed that: (1) Plaintiff is a loser in state court, having suffered a state court foreclosure judgment; (2) Plaintiff complains of injuries caused by that judgment; (3) Plaintiff asks the Court to vacate and enjoin enforcement of the state court's orders; and (4) the state court judgment was issued over two years before Plaintiff commenced the present action. Plaintiff is thus effectively inviting a federal court to review and reject the foreclosure judgment against him, which the Court lacks jurisdiction to do under Rooker-Feldman. See In re Wilson, 410 Fed. Appx. 409, 410-11 (2d Cir. 2011); Ashby v. Polinsky, 328 Fed. Appx. 20, 21 (2d Cir. 2009); Chestnut v. Wells Fargo, No. 10-CV-4244, 2011 U.S. Dist. LEXIS 22113, at *7 (E.D.N.Y. Mar. 2, 2011); Kalamas v. Consumer Solutions Reo, LLC, No. 09-CV-5045, 2010 U.S. Dist. LEXIS 123034, at *6 (E.D.N.Y. Nov. 17, 2010). Accordingly, Plaintiff's Motion for injunctive relief must be denied, and Defendant's Cross-Motion to dismiss must be granted.

**B. Motion to Amend**

Generally, a plaintiff should be freely afforded leave to amend his complaint. FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Rusyniak v. Gensini, 629 F. Supp. 2d 203, 212 (N.D.N.Y. 2009). However, where amendment is futile because the amended pleading fails to state a claim or would otherwise be subject to dismissal, a court is justified in denying the amendment. See Foman, 371 U.S. at 182; Evac, LLC v. Pataki, 89 F. Supp. 2d 250, 262 (N.D.N.Y. 2000). Based on the above determination that subject matter jurisdiction is lacking in this case, Plaintiff's proposed amendments joining MERS and Bank of America would be futile, and leave to amend is therefore denied.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for a preliminary injunction (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Defendant's Cross-motion to dismiss (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion for joinder (Dkt. No. 17) and Motion to amend the Complaint (Dkt. No. 18) are **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED for lack of subject matter jurisdiction**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 11, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge