UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS DUNN,

         Plaintiff,

  -against-               5:11-CV-712 (LEK/ATB)

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee o/b/o the
Certificate Holders of Ixis Real Estate
Capital Trust 2004-HE4 Mortgage
Pass-Through Certificates, Series
2004-HC4,

         Defendant.
_____

**DECISION and ORDER**

**I. BACKGROUND**

  Plaintiff Thomas Dunn ("Plaintiff") entered a mortgage transaction on May 24, 2004, whereby he promised to pay $202,500.00 to an entity named Mortgage Electronic Registration Systems, Inc., ("MERS"), acting solely as a nominee for Aegis Funding Corporation. Pl.'s Exs. 2-3, (Dkt. Nos. 3-2, 3-3). On August 9, 2006, Defendant Deutsche Bank National Trust Company ("Defendant") filed a Summons and Complaint in New York state court, claiming that Plaintiff had defaulted on the note and seeking foreclosure and sale of the property. Pl.'s Ex. 1 (Dkt. No. 3-1). The state court granted a judgment of foreclosure in favor of Defendant on January 8, 2009, and Plaintiff did not appeal from the judgment. Def.'s Ex. F (Dkt. No. 10-8).

  Plaintiff subsequently commenced this action *pro se* on June 24, 2011, seeking to enjoin Defendant from proceeding in its foreclosure action against Plaintiff and from evicting him from his home in Cicero, New York. Dkt. No. 1 ("Complaint"); Dkt. No. 3. The Court denied Plaintiff's

request for a temporary restraining order on June 24, 2011, and – after holding two hearings – dismissed Plaintiff's Complaint for lack of subject matter jurisdiction on October 11, 2011. Dkt. Nos. 5, 19 ("October Order"). Presently before the Court is Plaintiff's Motion for a temporary restraining order, which was filed on July 2, 2012. Dkt. No. 22 ("Motion").

## II.   DISCUSSION

In his initial submissions, Plaintiff argued that MERS improperly assigned the mortgage to Defendant, and that therefore Defendant lacked standing to bring a foreclosure action against Plaintiff in New York state court because he does not in fact own the mortgage note. Dkt. No. 3 at 4-6. The Court found that Plaintiff's action was, at its core, a collateral attack on the foreclosure judgment that was reached in state court. Oct. Order at 6. Accordingly, the Court found that it lacked subject matter jurisdiction over Plaintiff's claims pursuant to the Rooker-Feldman doctrine, and entered judgment for Defendant. Id.; Dkt. No. 20.

Plaintiff's present Motion largely reiterates arguments raised in the initial Complaint and Motion for injunctive relief – Plaintiff claims fraud and misrepresentation on the part of Defendant and asks the Court to stay the "writ of possession/eviction" along with "all claims asserted by the Defendants."[1] Compare Mot. at 1-4, with Dkt. Nos. 1, 3, 15. Once again, this Motion appears designed to call the state court foreclosure judgment into question; however, Plaintiff does not introduce any new evidence or arguments to suggest that the Court's earlier determination that it

---

[1] Plaintiff's Motion for a temporary restraining order also asserts a "professional negligence" claim against Defendant's attorneys, who are not currently named as parties to this action. Mot. at 1-4. The Court notes that, generally, it cannot order injunctive relief against non-parties. FED. R. CIV. P. 65(d); Hakeem v. Stinson, 39 F. App'x 674, 675 (2d Cir. 2002). In any event, to the extent that Plaintiff's Motion could be construed as seeking to add additional defendants, such request is denied.

lacked subject matter jurisdiction was erroneous.[2]  While the Court is sympathetic to Plaintiff's situation, it lacks subject matter jurisdiction to review a foreclosure judgment reached in state court.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for a temporary restraining order (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     July 03, 2012
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2]  Plaintiff does claim that jurisdiction is proper because Defendant Deutsche Bank is located in California.  Mot. at 1.  However, when a claim is barred by the Rooker-Feldman doctrine, the Court need not reach the issue of whether diversity jurisdiction could potentially be established.  See Papeskov v. Nitis, No. 12-cv-1740, 2012 WL 1530731, at *3 (E.D.N.Y. Apr. 27, 2002).  In addition, although Plaintiff makes passing reference to some federal statutes, see Mot. at 1, his Motion appears to continue to attack the state foreclosure action rather than assert particular federal causes of action.  In the event Plaintiff was attempting to raise federal claims unrelated to the state foreclosure action, the Court's denial of this Motion is without prejudice.